**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**MARY HARRISON and
ALEX HARRISON,**

    **Plaintiffs,**　　　　　　　　　　**CASE NO. 5:13-cv-177-RS-EMT**

    v.

**HOLMES COUNTY
SCHOOL DISTRICT,**

    **Defendant.**
_____/

## ORDER

Before me are Defendant's Motion to Dismiss (Doc. 15) and Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss (Doc. 25). Defendant's Motion to Dismiss is **GRANTED** in part and **DENIED** in part.

## Standard of Review

To overcome a motion to dismiss, a plaintiff must allege sufficient facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 104 S. Ct. 2229, 2232 (1984). I must construe all allegations in the complaint as true and in the light most favorable to the plaintiff. *Shands Teaching Hosp. &*

*Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000) (citing *Lowell v. American Cyanamid Co.*, 177 F.3d 1228, 1229 (11th Cir. 1999)).

## Background

Plaintiff Mary Harrison is Plaintiff Alex Harrison's mother. (Doc. 7, p. 1). Alex was a student enrolled in one of Defendant's schools. *Id*. at 2. Alex has been diagnosed with irritable bowel syndrome ("IBS"). *Id*. Plaintiffs allege they were never satisfied with the Individual Education Plan (IEP) developed by Defendant for Alex; however, individual teachers accommodated Alex's needs. *Id*. at 2-3. The accommodations ended when the school's attendance policy changed in 2011. *Id*. Mrs. Harrison voiced complaints about the changes in the attendance policy and wrote Defendant's Superintendent Gary Galloway, but to no avail. *Id*. at 3. Plaintiffs allege Defendant took subsequent actions against Alex, including unjustified suspension and hindering Alex's transition to private school. *Id.* at 3-4.

Mrs. Harrison was also an employee of Defendant. *Id.* at 2. In 2011, she informed Defendant that she would retire within five years. *Id*. at 5. Subsequently Mrs. Harrison was demoted from counselor to English teacher. *Id*. Plaintiffs allege the demotion was in retaliation for demands and complaints made on behalf of Alex. *Id*. Mrs. Harrison sought to discuss her demotion with Superintendent Galloway, but meetings with Superintendent Galloway and Personnel Director Jean West were unproductive. *Id*. Following these meetings, she was demoted a

second time to a clerical position. *Id*. at 5-6. Alex's suspension followed these meetings with Superintendent Galloway and Personnel Director West. *Id*. After Alex's suspension, Mrs. Harrison was demoted a third time to an elementary school position. *Id.* at 6.

Plaintiffs' amended complaint alleges Disability/Handicap Discrimination on behalf of both Plaintiffs (Count I), Age Discrimination on behalf of Mrs. Harrison (Count II), Retaliation on behalf of both Plaintiffs (Count III), Negligent Supervision and Training on behalf of Alex (Count IV), and Negligence on behalf of Alex (Count V). Defendant moves to dismiss Count I, Count III, Count IV, and Count V. Plaintiffs have voluntarily dismissed Counts IV and V. (Doc. 25, p. 2).

## **Analysis**

Defendant moves to dismiss Counts I and III for Plaintiffs' failure to exhaust administrative remedies. (Doc. 15, p. 3). Because Alex's claims rely on unfair treatment he received as a student when the school board did not accommodate his disability, the Individuals with Disabilities Education Act ("IDEA") governs. *Id*. Plaintiff contend they need not exhaust administrative remedies because 1) the Florida Education Equity Act ("FEEA") has no administrative remedies requirements, FLA. STAT. § 1000.05, (2012), and 2) the IDEA does not govern his claims. (Doc. 25, pp. 3-14). Specifically, they argue that the IDEA does not bar claims pursued under other federal law for failure to exhaust administrative

remedies (Doc. 25, pp. 4-5), and Alex's claims are not based upon "educational injuries" subject to the IDEA. (Doc. 25, pp. 5-7).

The IDEA covers both violations of a child's IEP and the placement of a child in alternative education settings. 20 U.S.C. §1415(b)(6)(B) (2012); 20 U.S.C. § 1415(k) (2012). Therefore, the IDEA applies to the present case. In cases where the IDEA governs, it requires plaintiffs exhaust administrative remedies before filing suit under other federal law. 20 U.S.C. § 1415(l) (2012); *Babicz v. Sch. Bd. of Broward County*, 135 F.3d 1420, 1422 (11th Cir. 1998). In order to establish exhaustion, a plaintiff must request a hearing before an administrative law judge. *Sch. Bd. of Lee County, Fla. v. M.M.*, 348 Fed.Appx. 504, 512 (11th Cir. 2009). Because the amended complaint does not allege such a request, Count I is dismissed without prejudice for failure to exhaust administrative remedies.

Defendant further argues Count I should be dismissed as to both Plaintiffs for failure to state a claim upon which relief can be granted. As to Alex, Defendant argues the Florida Civil Rights Act ("FCRA") does not apply to school children. As to Mrs. Harrison, Defendant argues Florida law does not provide a cause of action for the parents of disabled children. Plaintiffs contend the FCRA should be interpreted consistently with the ADA. Even if the FCRA does use the

same framework as the ADA, then Alex's claim remains subject to the IDEA's administrative exhaustion requirements, which Plaintiffs did not meet.

The Americans with Disabilities Act ("ADA") protects qualified individuals who have relationships with disabled people. 42 U.S.C. § 12112(b)(4). Counts relating to an IDEA claim are subject to the IDEA's exhaustion requirements. *Sch. B. of Lee County, Fla. v. M.M. ex. rel. M.M.*, 348 Fed. Appx. 504, 512 (11th Cir. 2009). Mrs. Harrison's disability claim is because of Alex's disability, and therefore, it does relate to a claim subject to the IDEA. Because I dismissed Count I as to Alex for failure to exhaust administrative remedies, I must also dismiss the related Count I as to Mrs. Harrison.

Count III is valid because it is not necessarily subject to the IDEA. A retaliation claim need only plead a good faith, reasonable belief that the employer was engaged in unlawful employment practices. *Little v. United Tech.*, 103 F.3d 956, 960 (11th Cir. 1997). Mrs. Harrison's first demotion occurred after she announced her upcoming retirement, and the complaint alleges age discrimination. Therefore, Count III does not necessarily stem from Alex's education and is not necessarily subject to the IDEA's exhaustion requirements.

Defendant moves to dismiss Count III as to Mrs. Harrison because the Amended Complaint alleges retaliation in connection with her son (Doc. 7, ¶ 18) and only conclusory statements about Defendant's employment practices. (*Id*. at ¶

42, ¶ 44). Specifically, the FCRA requires retaliation be in response to an unlawful employment practice. (Doc. 15, p. 12).

To establish a retaliation case under Title VII, a plaintiff must demonstrate "(1) that he engaged in statutorily protected activity; (2) that he suffered adverse employment action; and (3) that the adverse employment action was causally related to the protected activity." *Harper v. Blockbuster Entertainment Corp.*, 139 F.3d 1385, 1388 (11th Cir. 1998). The Amended Complaint also alleges hostile meetings when Mrs. Harrison sought to address her first demotion. (Doc. 7, ¶ 20). These conferences were followed by further demotions. (Doc. 7, ¶ 21-22). Mrs. Harrison has met her burden of alleging sufficient facts to indicate earlier reporting of illegal employment practices that may serve as a basis for retaliation under Title VII. Therefore, I will not address the validity of Plaintiff's claims under Florida law.

Defendant argues Count III should be dismissed as to Alex because neither the FCRA nor any other statute cited by Plaintiffs allows third-party victims of retaliation a cause of action based upon their close association with an employee, who engaged in protected conduct. The Supreme Court has interpreted Title VII to allow a private cause of action to third-party victims of retaliation who have been targeted in order to harm their close association. *Thompson v. North American*

*Stainless, L.P.*, 131 S.Ct. 863, 870 (2011). The amended complaint meets this burden.

## Conclusion

For the above reasons, Defendant's Motion to Dismiss is **GRANTED** without prejudice as to Count I and **DENIED** as to Count III. Count IV and Count V have been voluntarily dismissed by Plaintiffs (Doc. 25, p. 2). Therefore, Counts II and III remain.

**ORDERED** on August 27, 2013.

**/s/ Richard Smoak**
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**